KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
KELSEY J. MOE, State Bar No. 328815
kmoe@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 697-2000
Facsimile:      (415) 813-2045

Attorneys for Defendants
CITY OF UNION CITY, UNION CITY POLICE
DEPARTMENT, and COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CARD,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA; CITY OF UNION CITY; CITY OF OAKLAND; OLIVIA GUTIERREZ; DEBORAH WRIGHT; IMAGE DALY; ALICE MERCADO; WALT STANNARD; UNION CITY POLICE DEPT.,<br><br>        Defendants. | Case No.<br><br>Alameda Superior Court<br>Case No.: 25CV119921<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION); REQUEST FOR MANDATORY SCREENING UNDER 28 U.S.C. § 1915A; DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA hereby: (1) remove to this Court the state court action described below; and (2) request the Court screen the operative complaint under 28 U.S.C. § 1915A.

**THE REMOVED ACTION**

On April 23, 2025, plaintiff Christopher Lee Card ("Plaintiff") filed an action in the Superior Court for the County of Alameda, entitled *Christopher Lee Card v. County of Alameda, et al.*, Alameda County Superior Case No. 25CV119921 (the "Complaint"). A true and correct

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

copy of that complaint is attached hereto as Exhibit "A" to the concurrently-filed Request for Judicial Notice ("RJN"). Said complaint nominally listed nine defendants: County of Alameda, City of Oakland, City of Union City, Union City Police Department, Image Daly, Olivia Gutierrez, Alice Mercado, Walt Stannard, and Deborah Wright. Said complaint listed various federal and state allegations, including federal allegations including: (1) conspiracy to deprive Plaintiff of his Fourth and Fourteenth Amendments to the United States Constitution; (2) violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution (*e.g.*, right against unlawful arrest); (3) violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution (*e.g.*, right against malicious prosecution); (4) First Amendment retaliation; (5) Sixth Amendment right to self-representation; and (6) RICO under 18 U.S.C. § §1961-1968. (Ex. "A," *Complaint*, at the page self-designated by Plaintiff as pages 15, 21-22, 24-28, 29-30, and 32-34). This is a non-exhaustive list.

The federal allegations are alleged against, *inter alia*, defendants County of Alameda, City of Union City, and Union City Police Department. (Ex. "A," *Complaint*, at the page self-designated by Plaintiff as pages 15, 21-22, 24-28, 29-30, and 32-34).

The very next day -- on April 24, 2025 -- Plaintiff filed the operative First Amended Complaint ("FAC") in in the Superior Court for the County of Alameda, entitled *Christopher Lee Card v. County of Alameda*, *et al.*, Alameda County Superior Case No. 25CV119921. A true and correct copy of that FAC is attached hereto as Exhibit "B" to the concurrently-filed RJN. Said complaint nominally listed nine defendants: County of Alameda, City of Oakland, City of Union City, Union City Police Department, Image Daly, Olivia Gutierrez, Alice Mercado, Walt Stannard, and Deborah Wright. Said FAC listed federal and state allegations, including federal allegations including: (1) conspiracy to deprive Plaintiff of his Fourth and Fourteenth Amendments to the United States Constitution; (2) violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution (*e.g.*, right against unlawful arrest); (3) violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution (*e.g.*, right against malicious prosecution); (4) First Amendment retaliation; (5) Sixth Amendment right to self-representation; and (6) RICO under 18 U.S.C. § §1961-1968. (Ex. "B," *FAC*, at the page self-

designated by Plaintiff as pages 15, 21-22, 24-28, 29-30, and 32-34). This is a non-exhaustive list.

The federal allegations are alleged against, *inter alia*, defendants County of Alameda, City of Union City, and Union City Police Department. (Ex. "B," *FAC*, at the page self-designated by Plaintiff as pages 15, 21-22, 24-28, 29-30, and 32-34).

## REMOVAL IS TIMELY

1. Defendants City of Union City and Union City Police Department were properly served with the Summons and FAC on September 17, 2025, via personal service. As of this notice of removal, no proof-of-service has been filed on the docket of Alameda Superior Court Case No. 25CV119921.

2. Defendant County of Alameda was properly served with the Summons and FAC on September 17, 2025, via personal service. As of this notice of removal, no proof-of-service has been filed on the docket of Alameda Superior Court Case No. 25CV119921.

3. This removal is timely. A defendant's 30-day period to remove an action to federal court runs from the formal date of service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ["one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend," not by mere receipt of the complaint unattended by any formal service]. Additionally, pursuant to Federal Rule of Civil Procedure Rule 4 (c)(1), service of an action requires a summons be served with a copy of the complaint. See also *Shah v. Meier Enterprises, Inc.*, 855 F. App'x 384, 387 (9th Cir. 2021) ("because the November 23, 2016 attempt at service was not proper and Meier removed the case within 30 days of being properly served on January 20, 2017, the district court did not err in denying Shah's motion to remand.") Each defendant possesses its' own right to removal. See *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011 ("[E]ach defendant is entitled to thirty days to exercise his removal rights after being served."); 28 U.S.C. § 1446(b)(2)(B).

Here, Plaintiff personally served the City of Union City and Union City Police Department on September 17, 2025, as well as the County of Alameda on September 17, 2025.

Thirty days after September 17th is October 17, 2025. Defendants removed on October 17, 2025 -- within the 30-day window.

**GROUNDS FOR REMOVAL**

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, and is one which may be removed to this Court by CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA pursuant to the provisions of 28 U.S.C. § 1441, in that Plaintiff asserts causes of action against them including: (1) conspiracy to deprive Plaintiff of his Fourth and Fourteenth Amendments to the United States Constitution; (2) violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution (*e.g.*, right against unlawful arrest); (3) violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution (*e.g.*, right against malicious prosecution); (4) First Amendment retaliation; (5) Sixth Amendment right to self-representation; and (6) RICO under 18 U.S.C. § §1961-1968. Removal is permitted based upon federal-question jurisdiction. See also *Kealoha v. Totto*, No. CV 16-00682 JMS-KSC, 2017 WL 960350, at *5, n. 7 (D. Haw. Mar. 13, 2017), report and recommendation adopted, No. CV 16-00682 JMS-KSC, 2017 WL 1839280 (D. Haw. May 8, 2017) ("[A] § 1983 label is unnecessary for the identification of a federal claim on the face of a complaint. The reference to and application of § 1983 become relevant when challenges are made to the sufficiency of the pleadings and/or merits of the claims.") (emphasis original).

The related state-law claims are properly before the federal court under supplemental jurisdiction. See 28 U.S.C. § 1367.

**VENUE ASSIGNMENT**

5. Venue in this Division of this Court is proper because the events underlying the allegations in the Complaint took place in the County of Alameda, California.

**THE SERVED DEFENDANTS CONSENT TO REMOVAL**

6. Of the nine defendants named in this lawsuit, four have been served: County of Alameda, City of Union City, Union City Police Department, and City of Oakland. The County of

Alameda, City of Union City, Union City Police Department, and City of Oakland all consent to removal.

7. Upon diligent investigation, CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA possess no information that the other five defendants named in this lawsuit – Image Daly, Olivia Gutierrez, Alice Mercado, Walt Stannard, and Deborah Wright – have been served with a Summons and either the Complaint or FAC in this lawsuit. They believe that proper service has **not** been effected upon the five individually-named defendants. Absent being properly joined and served, Image Daly, Olivia Gutierrez, Alice Mercado, Walt Stannard, and Deborah Wright are not parties to this action and need not join or consent in this Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal); 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(2)(A). See also *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.")

8. The diligent investigation carried-out by the CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA was as follows:

   a. The undersigned's legal assistant checked the Alameda Superior Court docket for Case No. 25CV119921 on seven (7) different occasions, including the day of removal: September 29, 2025, September 30, 2025, October 2, 2025, October 9, 2025, October 13, 2025, October 16, 2025, and October 17, 2025. Each time she checked the docket to see if proof-of-service had been filed for any defendant. None was ever filed. Attached as Exhibit "A" to the concurrently-filed Declaration of Kristina Clark, please find a true-and-correct copy of the docket as of October 17, 2025 at approximately 2:45 p.m. (See concurrently-filed Declaration of Kristina Clark, ¶¶ 3-4).

   b. The state court docket also includes a Case Management Order dated September 30, 2025 that states, in pertinent, part "[t]here is no proof of service of summons and complaint on file for any of the named defendants … The matter is continued

for Plaintiff to effect service and file proofs of service." (*Order*, attached as Ex. "C" to RJN).

c. One of the individually-named defendants, Walt Stannard, is a private investigator with a business address and phone number on the Alameda County Bar Association website. The undersigned telephoned and spoke with Mr. Stannard on October 16, 2025; Mr. Stannard stated he had not been served yet in the action. The undersigned also asked Stannard to let him know if he were served in the future. (See concurrently-filed Declaration of Kevin Allen, ¶ 3).

d. Neither the Complaint nor the FAC contains addresses or phone numbers for the other four individually-named defendants: Image Daly, Olivia Gutierrez, Alice Mercado, and Deborah Wright.

e. Unlike with a business entity defendant, CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA cannot go to the California Secretary of State's website, enter a company name, identify a registered agent for service of process for the given company, and contact that person to ascertain if service has been effected upon the company. There is no equivalent database for individually-named defendants.

f. Unlike with a public entity defendant, CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA cannot contact a city clerk's office and ascertain if service has been effected upon the public entity. There is no equivalent resource for individually-named defendants.

g. Unlike with a represented party, there is no opposing counsel for the undersigned to contact and inquire if service has been effected upon the other four individually-named defendants.

h. CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA ordered a copy of the court file from Alameda County Superior Court Case No. 21-CR-014602, a publicly-available record, and that file identified a potential telephone number for Ms. Daly. The undersigned's legal

assistant called that telephone number on October 17, 2025; the number rang without answer and without ability to leave a voicemail (the voicemail box had not been set up). (See concurrently-filed Declaration of Kristina Clark, ¶ 5).

9. CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA are informed and believe, after investigation, that Image Daly, Olivia Gutierrez, Alice Mercado, Walt Stannard, and Deborah Wright have not yet been served, and therefore, their consent or joinder in this removal is not required.

## COMPLIANCE WITH REMAINDER OF 28 U.S.C. § 1446

Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA are attached as Exhibits "D"-"E" to RJN.

Pursuant to 28 U.S.C. §1446 (d), CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA will serve on Plaintiff and will file with the Clerk of the Superior Court for the County of Alameda, a written notice regarding removal of this action, attaching a copy of this Notice of Removal and all supporting papers.

## REQUEST FOR MANDATORY SCREENING

The FAC states Plaintiff is "currently incarcerated while representing myself, IN PROPRIO PERSONA." (Ex. "B," *FAC*, at the page self-designated by Plaintiff as page 4). The pleading lists Plaintiff's mailing address as 5325 Broder Blvd., Dublin, CA, 94568 (*i.e.*, Santa Rita Jail). It is the understanding of CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA that Plaintiff is currently incarcerated. Based upon this understanding, CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA respectfully request:

(a) the Court undertake the mandatory screening of the FAC as set forth in 28 U.S.C. § 1915A.

(b) their time to answer or file a Rule 12(b) motion be extended until 30 days after the Court has issued such Screening Order on the FAC.

*///*

**DEMAND FOR JURY TRIAL**

CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA hereby demand a jury trial in this matter.

Dated: October 17, 2025

Respectfully submitted,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
    KEVIN P. ALLEN
    KELSEY J. MOE
    Attorneys for Defendants
    CITY OF UNION CITY, UNION CITY POLICE DEPARTMENT, and COUNTY OF ALAMEDA